UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHERYL WILSON, ) | No. CV 06-3211 FFM |
| ) | |
| Plaintiff, ) | MEMORANDUM DECISION AND |
| ) | ORDER |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on June 12, 2006, the parties filed a Joint Stipulation detailing each party's arguments and authorities on March 20, 2007. The Court has reviewed the administrative record ("AR"), filed by defendant on December 6, 2006, and the Joint Stipulation.[1] For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

---

[1] Defendant filed a supplemental administrative record on December 7, 2006.

## PROCEDURAL HISTORY

On May 3, 2004, plaintiff protectively filed an application for Disability Insurance Benefits. She alleged a disability onset of May 1, 2003. Plaintiff's claim was denied initially and on reconsideration. Plaintiff failed to timely request a hearing by an administrative law judge ("ALJ"). However, plaintiff established good cause for filing late and was granted a hearing. ALJ Patti L. Hunter held the hearing on January 9, 2006. Plaintiff appeared with counsel and testified at the hearing. On January 12, 2006, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on March 17, 2006.

Plaintiff commenced the instant action on May 24, 2006.

## CONTENTIONS

Plaintiff raises three issues in this action:

1. Whether the ALJ sustained her burden at step five of the sequential analysis;
2. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence; and
3. Whether the ALJ properly evaluated plaintiff's subjective complaints.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

### A. The ALJ Erred at Step Five of the Sequential Analysis

Plaintiff contends that the ALJ erred when she determined, at step five of the sequential analysis, that plaintiff could perform other work that exists in significant numbers in the economy. (Joint Stipulation at 3-5). Plaintiff asks the Court to reverse the ALJ's decision and award benefits. (Joint Stipulation at 5, 8-10). Defendant concedes that the ALJ erred, but asks the Court to remand the case for further proceedings. For the following reasons, the ALJ's decision is reversed and remanded for further proceedings.

The ALJ found that plaintiff suffered from severe impairments consisting of cervical degenerative disc disease at one level, bilateral carpal tunnel syndrome with status post right carpal tunnel release, and status post surgical repair of the right rotator cuff. (AR 18). The ALJ determined that plaintiff retained the residual functional capacity to perform medium work (*i.e.*, lift 50 pounds occasionally and 25 pounds frequently) with limitations of no repetitive work above shoulder level, no repetitive wrist extension or flexion, and no repetitive pinching, grasping, or gripping. (AR 17, 19). Relying on the testimony of the vocational expert, the ALJ concluded that plaintiff could not perform her past relevant work as a customer service specialist, an operations support specialist, or a new business representative. (AR 17, 19, 207-08). However, plaintiff had skills, such as customer service, data entry, computer usage, and light bookkeeping, that were transferable to other work. (AR 17, 19, 207-08).

The ALJ determined that plaintiff was an individual closely approaching

retirement age at the time of the hearing, and has a high school education.[2] (AR 19). Again relying on the vocational expert's testimony, the ALJ found that considering plaintiff's age, education, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that plaintiff could perform such as that of an information clerk, which is a sedentary and semi-skilled position, a surveillance systems monitor, which is a sedentary and unskilled position, and an usher, which is a light and unskilled position. (AR 18, 19, 208-09). The ALJ then concluded that plaintiff was not disabled at any time through the date of the decision. (AR 19).

Although plaintiff bore the initial burden of proving disability, once she established her inability to perform her past relevant work, the burden shifted to the ALJ to show that there was other work existing in significant numbers in the national economy which plaintiff could perform. *See Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The issue before the Court is whether the ALJ satisfied her burden of demonstrating, at step five, that plaintiff could perform other work. The ALJ may meet this burden in one of two ways: (1) through the testimony of a vocational expert; or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *Tackett*, 180 F.3d 1094 at 1100-01. Where a claimant suffers from both exertional and non-exertional impairments, as in this case, an award of benefits must be awarded if the grids direct a finding of disability on the exertional impairments alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989).

Here, the ALJ found that plaintiff was limited to medium work and referred to Rule 203.08. *See* 20 CFR Pt 404, Subpt. P, App. 2, Rule 203.08 (2006). However, in

---

[2] Plaintiff was born on February 24, 1944 and was, therefore, of advanced age as of May 1, 2003, the alleged onset date, and closely approaching retirement age as of December 31, 2004, the date last insured. (AR 54, 57).

order to find that plaintiff was not disabled under this grid, the ALJ must find that plaintiff's skills were "readily transferrable to a significant range of semi-skilled or skilled work that is within the individual functional capacity." 20 CFR Pt.404, Subpt. P, App. 2, Rule 202.00(c). Two of the three occupations identified by the vocational expert are unskilled. Given plaintiff's age, unskilled work is not properly considered. *See Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). Thus, the vocational expert only mentioned one occupation that qualified. One semi-skilled occupation does not constitute a significant range of work. *See Lounsburry v. Barhnart*, 464 F.3d 944 (9th Cir. 2006). Thus, the evidence provided by the vocational expert was insufficient to sustain the Commissioner's burden at step five of the sequential evaluation process.

Plaintiff seeks a reversal awarding immediate benefits. However, it is not clear from the vocational expert's testimony that a significant range of semi-skilled work is not available to plaintiff. Moreover, the Court does not view the vocational expert's testimony as providing evidence that plaintiff is limited to light work. Thus, the matter should be remanded for further development of the record.[3]

For the foregoing reasons, the judgment of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

DATED:   February 13, 2008                                /S/ Frederick F. Mumm
                                                          FREDERICK F. MUMM
                                                        United States Magistrate Judge

---

[3] Because reversal is warranted on this ground, the Court need not consider plaintiff's remaining contentions at this time.